Argued July 13, affirmed September 7, 1960

# EARLS ET UX *v.* CLARKE ET AL, THE GUARANTY CO., INC.

355 P. 2d 213

*John E. Walker,* Portland, argued the cause and filed a brief for appellant.

*Warde H. Erwin,* Portland, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and WARNER, O'CONNELL, GOODWIN and MILLARD, Justices.

McALLISTER, C.J.

This suit was instituted by the plaintiffs, Emmett S. Earls and Mary W. Earls, his wife, ostensibly to foreclose a land sale contract entered into by plaintiffs, as sellers, and the defendant Pauline Betty Frye, as purchaser, and assigned by said purchaser to the defendant The Guaranty Co., Inc., hereinafter referred to as "Guaranty". However, during the trial the issue was narrowed to the sole question of whether Guaranty took the premises as assignee subject to the lien of the plaintiffs for certain taxes in the sum of $171.95 paid by plaintiffs after the con-

tract was entered into but prior to said assignment. From a decree in favor of plaintiffs, Guaranty has appealed. The trial court found that the defendant John Clarke had no personal interest in this controversy and it will not be necessary to again refer to him.

This spirited litigation involving a modest amount resulted from the following circumstances. By a land sale contract dated February 3, 1955, the plaintiffs agreed to sell to the defendant Pauline Betty Frye certain real property in Multnomah county. The sale price was $13,250 of which $2,750 was paid down and the balance of $10,500 was to be paid in monthly installments of not less than $85, including interest at 6 per cent on the unpaid balance. The plaintiffs appointed the Albany Branch of the First National Bank of Portland as their agent for the collection of the balance due on the contract. The bank issued to Mrs. Frye a payment receipt book in which the bank thereafter entered the payments made, the amount applied to interest and principal and the current balance due on the principal.

The contract provided that if the purchaser did not pay the taxes on the real property when due, the sellers could pay such taxes and add the amount so paid to the balance due on the contract. Mrs. Frye did not pay the 1955-56 taxes on the property when due and in November 1955 the plaintiffs paid said taxes in the sum of $171.95.

On December 11, 1957, Mrs. Frye assigned to the defendant Guaranty her interest in the contract of sale and the real property therein described. The assignment was promptly recorded and notice thereof given to plaintiffs. Plaintiffs made frequent demand

both on Mrs. Frye and Guaranty for the $171.95 paid by plaintiffs for taxes but were not reimbursed by either defendant. Guaranty made the monthly contract payments when due but refused to pay plaintiff the amount expended for taxes. Plaintiffs then demanded payment of the entire balance due under the contract and when this was refused, brought this suit.

Guaranty concedes that plaintiffs have a valid claim against Mrs. Frye for repayment of the 1955-56 taxes paid by them but Guaranty claims that plaintiffs are estopped from enforcing said claim against it for two reasons. First, Guaranty claims that in settling with Mrs. Frye it relied on the contract balance as shown on the bank's payment receipt book which showed the correct balance due on the original purchase price but did not include the taxes paid by plaintiff. Secondly, Guaranty claims that before it paid Mrs. Frye for her interest in the property it asked the plaintiffs how much was owing on the contract and that both plaintiffs and their attorney refused to tell it.

In its brief Guaranty states that the primary question is whether plaintiffs are estopped from enforcing payment of the disputed item of $171.95 as a lien on the land. A secondary question concerns the award of attorney's fees.

■ The essential elements of an equitable estoppel are set out in *Bennett v. City of Salem et al.,* 192 Or 531, 541, 235 P2d 772 as follows:

"To constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made

with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. State v. Claypool, 145 Or. 615, 28 P. 2d 882; Bramwell v. Rowland, 123 Or. 33, 261 P. 57; Oregon v. Portland Gen. Elec. Co., 52 Or. 502, 528, 95 P. 722, 98 P. 160; 31 C.J.S., Estoppel, 254, § 67."

The evidence in this case fails to establish the necessary elements of an estoppel.

■ The payment receipt book was issued to Mrs. Frye for her convenience as a record of the payments made on the contract by her. The book did not constitute a representation by the plaintiffs to Mrs. Frye or anyone else that the balance due on the original purchase price as shown thereon was the full amount due on the contract. Mrs. Frye was well aware that the plaintiffs had paid the 1955-56 taxes and that she owed plaintiffs the amount so paid in addition to the balance of the original purchase price. We have been cited to no authority holding that plaintiffs owed a duty to anyone to obtain the payment receipt book from Mrs. Frye and to add the taxes paid to the balance due on the purchase price as shown by the book. The failure to enter the taxes in the payment receipt book did not amount to a false representation. There is no evidence that plaintiffs intended that Guaranty should be induced to act by their failure to obtain the payment receipt book and add the taxes to the balance due on the purchase price. Guaranty concedes that it "had not proposed or intended" to rely on the pass book and claims that it did so only after the plaintiffs refused to "confirm or repudiate the balance shown in the pass book."

■ Guaranty also seeks to base an estoppel on the refusal of plaintiffs to disclose to it the balance due

on the contract. It is true that silence or inaction may create an estoppel when there is a legal duty to speak. See *Ruddy v. Ore. Auto. Credit Corp.,* 179 Or 688, 174 P2d 603 and *Marshall v. Wilson,* 175 Or 506, 520, 154 P2d 547. But this is not a case of estoppel by silence or inaction. Here there was a positive refusal to furnish the requested information. We have been cited to no authority which holds that a vendor has a legal duty to disclose to a prospective assignee of the purchaser the amount due on the land sale contract. In the absence of such a duty, the refusal of the plaintiffs to inform Guaranty of the amount due could not give rise to an estoppel.

■ The decree entered in this case was merely declaratory as to the rights of the parties as to the item in dispute. It provided in effect that in addition to the original balance of the purchase price, the plaintiffs were entitled to recover from Mrs. Frye and Guaranty the 1955-56 taxes in the sum of $171.95. The court entered judgment against both defendants for attorney's fees in the sum of $225. Plaintiffs have cross-appealed and ask this court to both increase the attorney's fees awarded by the trial court and to allow an additional fee in this court. This is a suit in equity and the allowance of costs and attorney's fees rests in the sound discretion of the court. We think the attorney's fees awarded in the trial court were adequate. The plaintiffs are awarded an additional attorney's fee of $200 in this court.

The decree is affirmed.