Argued October 5, affirmed October 22, 1973

IN THE MATTER OF THE ESTATE OF AVIS MITCHELL,
DECEASED.

MITCHELL, *Respondent, v.* McINTEE, *Appellant.*

514 P2d 1357

*Bruce H. Grim,* Salem, argued the cause for appellant. With him on the brief were Douglas, Ahmed, Grim & Fender, P. C., Salem.

*Vincent G. Ierulli,* Portland, argued the cause for respondent. With him on the brief were Franklin, Bennett, Ofelt, DesBrisay & Jolles, Portland.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

This is an appeal by the personal representative of the estate of Avis Mitchell from an order granting John Mitchell an elective share of the estate pursuant to ORS 114.105.

John Mitchell and Avis Mitchell were married in October 1965 and they lived in Portland, Oregon, continuously until the winter of 1968. In 1968 John Mitchell developed heart trouble, which made it advisable for him to spend the winter months in Arizona.

The Mitchells spent the winter of 1968-69 in Arizona. On their return trip to Portland from Arizona they stopped in Tijuana, Mexico, to discuss getting a divorce. Mr. Mitchell testified at the trial of this matter that they spoke with a marriage counselor for about 30 minutes, and that the only paper which they signed was a receipt for $50. The Mitchells were in Mexico for a total of no more than two hours, according to Mr. Mitchell's testimony, and they had not been there since. He further testified that they never went to court in Mexico and that after their return to Portland they never again referred to a divorce.

Mr. Mitchell testified that after they returned to Portland from Mexico in March 1969, they lived to-

gether as husband and wife until the date of her death, with the single exception of the winter of 1969-70, when Mr. Mitchell went to Arizona and Mrs. Mitchell remained in Oregon.

Avis Mitchell's will was admitted to probate on July 13, 1972. On August 16, 1972, John Mitchell submitted his election to receive his elective share (ORS 114.105) on the basis that he was the surviving spouse of Avis Mitchell. Thereafter the personal representative applied to the circuit court for a hearing on the issue of whether John Mitchell was the surviving spouse of Avis Mitchell.

The trial court ruled that John Mitchell and Avis Mitchell were not legally divorced while in Mexico and that John Mitchell was thereafter entitled to an elective share as the surviving spouse. The personal representative of the estate does not dispute the trial court's holding that there was no valid divorce; rather, she claims that the court erred, under the circumstances, in refusing to estop John Mitchell from asserting the invalidity of the divorce.

The evidence adduced at trial, in addition to the facts recited above, tended to show that Avis Mitchell regarded herself as a divorced person and conducted her affairs consistently with that status. For example, she filed federal income tax returns as a single person, and she referred to herself in her will as a divorced woman, specifically referring to John Mitchell as the person from whom she was divorced. In addition, a typewritten document purporting to be a Mexican divorce decree was found among Mrs. Mitchell's personal effects after her death.

However, even if the evidence adduced at trial compels a finding that Avis Mitchell believed she was

divorced and relied upon that belief (a question we do not decide), such belief and reliance are insufficient by themselves to establish an estoppel as against John Mitchell.

■ Estoppel in pais or equitable estoppel has been defined as the doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he otherwise would have had. *Seguin v. Maloney-Chambers,* 198 Or 272, 253 P2d 252, 256 P2d 514, 35 ALR2d 1412 (1953). The essential elements of an equitable estoppel are set out in *Earls v. Clarke,* 223 Or 527, 530-31, 355 P2d 213 (1960), and *Bennett v. City of Salem,* 192 Or 531, 541, 235 P2d 772 (1951), as follows:

> "To constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. [Citations omitted.]"

■ In the instant case there is nothing to indicate that John Mitchell ever considered himself divorced or led Avis Mitchell to believe that they were divorced. The only evidence tending to show that there had been a divorce of sorts in Mexico was the typewritten copy of a decree found in Mrs. Mitchell's effects. However, there is no showing that Mr. Mitchell received a copy of the decree himself, that he had ever seen Mrs. Mitchell's copy, or that he even knew of its existence. Indeed, their living relationship to each other was essentially unaffected by the event in Mexico. That being so, it cannot be said that his silence rises to

the level of an estoppel. We therefore conclude that the trial court did not err in allowing John Mitchell to assert that the Mexican interlude did not constitute a valid divorce.

Affirmed.