Argued November 27, affirmed December 24, 1973

BARNES, *Appellant, v.* SCAPPOOSE SCHOOL
DISTRICT 1J, *Respondent.*

517 P2d 305

*Richard H. Muller,* Portland, argued the cause for appellant. With him on the brief were Bouneff, Muller, Marshall & Hawkes, Portland.

*Paul M. Reeder,* Hillsboro, argued the cause for respondent. With him on the brief were Reeder & Rapp, Hillsboro.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

Plaintiff is an art teacher employed at Scappoose High School by the defendant school district. He left his job for three days in November of 1971 and went elk hunting. The school district deducted three days' pay from his salary, representing the three days in question. Plaintiff brings this declaratory judgment proceeding to establish the propriety of such leave and to restore the three days' pay. The trial judge ruled against him and we affirm.

Plaintiff contends that he was entitled to take three days' leave with pay for any purpose of his choosing pursuant to defendant's personnel policy 3550.14 (4) regarding personal leave, which reads:

"(4) <u>Personal</u>
"(a) Personnel (Certificated) will be allowed three days personal leave each year.

"(b) Personal leave shall not be cumulative from year to year.

"(c) The reason for personal leave must be stated to the principal.

"(d) Twenty four hour notice must be given to the principal."

Testimony indicated that this provision is a liberalization of what formerly had been known as "bereavement leave" designed to allow teachers to attend to pressing personal matters. The first page of the school district policies states that the policies are not to be considered a part of any contract with the employes of the district and plaintiff testified that he was aware of that statement.

■ Plaintiff contends that the school district is estopped from interpreting its personal leave policy in such a manner as to preclude his taking three days for elk hunting. He bases his claim of estoppel upon an interpretation of the policy made by the school superintendent at a teachers' meeting, and also upon the fact that he and other teachers had previously taken personal leave for non-emergency purposes without action being taken by defendant.

As to the first contention, the purpose of the meeting was to explain certain changes in the defendant's policy statements. Plaintiff intentionally refrained from asking whether personal leave would be allowed for purposes of recreation. Instead, plaintiff asked the superintendent whether there was any change in the scope of personal leave and the superintendent responded in the negative. He also asked whether the principal was authorized to deny personal leave and the answer was negative. Plaintiff testified that he did not seek clarification from the school board

because "I can interpret policy for myself." Later, on the day before plaintiff left for hunting, he left a note on the principal's desk informing him that he was taking three days' "vacation." The principal called him in, questioned him regarding the possibility that he was going hunting and made it very clear that he would not approve of personal leave for that purpose.

We summarized the law of estoppel in *Mitchell v. McIntee,* 15 Or App 85, 88, 514 P2d 1357 (1973), as follows:

> " 'To constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. * * *' "

None of those elements are present here. The requirement of the policy statement that the employe inform the principal of the reason for taking leave indicates that the purpose of personal leave is more restricted than plaintiff's claim that it is simply three days of extra vacation. The superintendent did not say that personal leave was allowed for vacation, plaintiff did not ask for fear of receiving a negative answer, and the principal told plaintiff that hunting was not a permissible use of personal leave time. There were no statements or conduct by defendant's officials which differed from their present interpretation of its personal leave policies.

■ As to the second foundation for a claim of estoppel, plaintiff called a series of witnesses to testify that they too had used personal leave and had not had their

pay docked. None of them testified that they had informed the school district that they were using it for hunting or other recreational purposes. Plaintiff testified that he had also used personal leave for elk hunting on prior occasions, but had not so informed his superiors. When the principal heard that the teachers were beginning to call it "hunting leave," he confronted plaintiff and took appropriate action. Plaintiff has no legally cognizable right under the doctrine of estoppel or otherwise to expect defendant school district to continue being cheated once that fact is discovered.

■ Furthermore, one must have clean hands to expect the aid of the doctrine of equitable estoppel. In this case, however, plaintiff seeks to invoke equity in order to profit from his deviousness.

We need not reach the question of whether the agent of a governmental body can create an equitable estoppel or estoppel by conduct binding upon that governmental agency, *cf. Clackamas County v. Emmert,* 14 Or App 493, 513 P2d 532, *review denied* (1973). Plaintiff's claim of estoppel in this case is frivolous.

Affirmed.