Argued April 26, reversed May 16, 1977

BURNETT, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(No. 76-6032, CA 7744)

563 P2d 1234

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

James H. Anderson, Eugene, argued the cause and filed the brief for respondent Gerry Burnett.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this workmen's compensation case, the State Accident Insurance Fund appeals from the trial court's order holding it estopped from denying that employer was covered by a workmen's compensation insurance policy at the time two compensable injuries were suffered by an employe.

Employer began doing business in June, 1974, and obtained workmen's compensation insurance from the Fund with an expiration date of June 30, 1975. At that time most of employer's bookkeeping, including transactions with the Fund, was performed by Frank Teter, an independent small-business bookkeeper who handled Fund accounts for several other clients. In June, 1975, employer moved his business and hired another bookkeeper in place of Teter.

On May 8, 1975, the Fund sent a notice of the minimum renewal premium to employer in care of Teter. On June 13, 1975, the Fund sent a minimum renewal premium reminder notice to employer, again in care of Teter. On July 14, 1975, upon not receiving a renewal request from employer, the Fund sent a cancellation notice to employer in care of Teter. All three notices were sent by regular mail and were not returned to the Fund. Teter testified that he received none of the notices.

On July 21, 1975, the Fund sent a statement of account to employer at Teter's business address which reported a credit of $18.61 in employer's account. The statement further noted:

"This statement is for your information only—no payment is necessary. This credit may be used on future reports."

Teter testified that he received the statement of account.

The referee's opinion, adopted by the Board and affirmed by the trial court, stated:

"It is my opinion that the notice of the Fund misled

the employer that he was in fact covered. They are estopped from denying such coverage. The employer unquestionably acted in reliance upon the statement of account received from the State Accident Insurance Fund and proceeded under the assumption that he was, in fact, covered."

The elements of equitable estoppel were set forth in *Bennett v. City of Salem et al.,* 192 Or 531, 235 P2d 772 (1951):

"To constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. * * *" 192 Or at 541.

*See also Willis v. Stager,* 257 Or 608, 481 P2d 78 (1971); *Earls et ux v. Clarke et al,* 223 Or 527, 355 P2d 213 (1960); *Mitchell v. McIntee,* 15 Or App 85, 514 P2d 1357 (1973). Even assuming that the principle of equitable estoppel may be applied against the state in this type of proceeding, *see Belton v. Buesing,* 240 Or 399, 402 P2d 98 (1965); *Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 514 P2d 888 (1973), Sup Ct *review denied* (1974), and assuming that there is evidence in the record which supports a finding that the first four elements of equitable estoppel were met here, we find no evidence that employer was induced to believe his insurance policy with the Fund was still in effect.

The referee found that the statement of account induced employer to believe that the policy was still in effect. However, Teter testified that he never forwarded the statement of account to employer. Employer could not have been induced by a document he had never seen.

Employer contends that Teter was still employer's agent when the statement of account was received and that Teter was induced by the statement of account to believe that employer's policy was still in effect.

However, Teter did not testify either that he was induced to act — or to not act — by the statement of account or that he believed that the statement of account specified or implied that employer's policy with the Fund was still in effect.

Reversed.