Argued and submitted December 17, 1980, affirmed February 3, 1981

GOODMAN,
*Appellant-Cross-Respondent,*
*v.*
NJUST, et al,
*Respondents-Cross-Appellants.*

(No. 78-2-355, CA 16631)

622 P2d 761

Robert T. Scherzer, Portland, argued the cause for appellant-cross-respondent. On the briefs were Wheelock, Niehaus, Hanna, Murphy, Green & Osaka, and Jeffrey S. Seymour, Portland.

Paul D. Schultz, Oregon City, argued the cause for respondents-cross-appellants. With him on the brief was Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Plaintiff sought specific performance of an earnest money agreement. The trial court entered a decree dismissing the complaint on the merits. Plaintiff appeals and asks that on *de novo* review we find that defendants are estopped from asserting the time of the essence provision of the agreement. We make the same conclusion as did the trial judge: Defendants were not estopped.

Defendants cross-appeal the trial court's denial of an award of attorneys fees. The complaint alleged that if plaintiff were to prevail, under the terms of the earnest money he would be entitled to attorney fees. Defendants admitted the allegation.[1] Thus, ORS 20.096 was applicable under the pleadings. The trial court refused to award defendants attorney fees, because it felt (and said) that one of the defendants, an attorney, had "led Mr. Goodman down the path, got him to do a great deal of free work and substantially increased the value of [the] property." We read that as a finding of unclean hands, and *North Pacific Lumber Co. v. Oliver,* 286 Or 639, 663-667, 596 P2d 931 (1979), is authority for an equity court to deny the application of the statute where the claiming party is not "sufficiently free of fault with respect to the events leading to this litigation to justify an affirmative award to him of attorney fees."

The evidence that led the trial court to deny defendants an award of attorney fees was the same evidence that he (and we) found insufficient to support an estoppel. Defendants purport to be "unable to understand how under the facts of this case the defendants' conduct had failed to create an estoppel, while at the same time could be so reprehensible as to constitute coming into court with unclean hands." Plaintiff says that he is "at a loss as to how the Trial Court can make a determination of unclean hands in preventing an award of attorneys' fees, yet

---

[1] The form earnest money agreement has on its front side a list of the provisions set out in full on the back side, which could be incorporated in the agreement by putting a check mark beside any of the items listed. One of those items was the one setting out the attorney fee provision. We note that the earnest money agreement in evidence discloses that *none* of the items in the list were checked off as incorporated.

not find an estoppel based on the same evidence." Both acknowledge that we can retry the matter as a part of the *de novo* review of this equity case.

We do not share the parties' view of the irreconcilability of denying plaintiff the benefit of equitable estoppel and denying defendants' claim for attorney fees. We have concluded that an estoppel was not made out. *See Mitchell v. McIntee,* 15 Or App 85, 88, 514 P2d 1357 (1973). We are satisfied that it would be inequitable and unjustifiable to allow defendants to have *both* their property as enhanced by the plaintiff's activities and attorney fees. Defendants bear a sufficient burden of fault in their relationship with plaintiff to warrant our reaching the same conclusion as the Supreme Court did in *North Pacific.*

Affirmed.