Argued and submitted February 20, reversed and remanded with instructions May 26, appellant Oregon Association of Credit Management's reconsideration denied July 16, respondent Burmester's reconsideration denied August 13, petitions for review denied October 20, 1981 (271 Or 771)

HOLMES,
*Plaintiff,*
BURMESTER,
*Respondent,*

*v.*

OREGON ASSOCIATION OF CREDIT
MANAGEMENT, INC. et al
*Appellants.*

HOLMES,
*Appellant,*
BURMESTER,
*Plaintiff,*

*v.*

OREGON ASSOCIATION OF CREDIT
MANAGEMENT, INC. et al,
*Respondents.*

(No. A7811-18517, CA 17080)

628 P2d 1264

Jeffrey B. Wihtol, Portland, argued the cause for Oregon Association of Credit Management, Inc., dba Portland Association of Credit Men, an Oregon corporation, and Credit Service Company, an Oregon corporation. With him on the briefs was Morrison, Dunn, Cohen, Miller & Carney, Portland.

Ruth M. Cinniger, Portland, argued the cause and filed the briefs for Clifford L. Holmes and C. M. Burmester.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

**YOUNG, J.**

In this action for damages plaintiffs charge defendants with professional negligence and breach of contract for failure to timely renew a judgment. Each plaintiff had assigned separate and individual accounts to defendants for collection. Defendants reduced the accounts to judgment entered in Marion County on May 14, 1962.[1] The judgment was not renewed within the ten year statutory period and it expired. ORS 18.360. Plaintiffs' first complaint charged defendants with negligence. A second amended complaint alleged an additional count of breach of contract. Plaintiff Holmes claimed damages of $4,704.05. Plaintiff Burmester claimed damages of $623.52.

At the close of plaintiffs' case in chief, defendants moved to "dismiss" the claims of both plaintiffs on the ground they were barred by the statute of limitations and further that the circuit court lacked subject matter jurisdiction of the Burmester claim.[2] ORS 46.060. The trial court granted defendants' motion to dismiss the Holmes claim on the basis that it was barred by the statute of limitations. The court rejected the motions directed toward the Burmester claim and submitted that claim to the jury. Defendants rested without putting on any evidence in their case in chief. The jury returned a verdict for plaintiff Burmester in the amount of his prayer.

Defendants appeal from the Burmester judgment, asserting the claim was barred by the statute of limitations and that the trial court lacked subject matter jurisdiction. Plaintiff Holmes appeals from the judgment order dismissing his claim with prejudice on the ground that it was not filed within the statutory time limit.[3]

---

[1] Each of the plaintiffs held an account receivable due from the same debtor. The Marion County Clerk's transcript of judgment reflects the judgment was for two separate amounts, namely, $4,741.07 and $626.52. The judgment creditor was defendant Credit Service Co.

[2] ORCP 54 B.(2) allows motions to dismiss to test the sufficiency of the plaintiff's evidence in *non-jury cases*. It appears that the trial court and the parties treated defendants' motions to be motions for directed verdict, under ORCP 60. There being no objections raised to the form of the motions, we have treated them as being motions for a directed verdict.

[3] We find nothing in the record which explains the trial court's applying the statute of limitations differently to the separate claims of the plaintiffs.

## PLAINTIFF BURMESTER'S CLAIM

First, we address the defendants' contention that the circuit court lacked subject matter jurisdiction over plaintiff Burmester's claim. The Burmester prayer was for $623.52, plus interest, the aggregate amount of which was less than $3,000.

■ The applicable statute, ORS 46.060(1), provides, in part:

> "* * * The district court *shall have exclusive jurisdiction* * * * (a) for the recovery of money or damages only when the amount claimed does not exceed $3,000." (Emphasis added).

Defendants raised the jurisdictional defense at the close of plaintiff's case in chief. The trial court denied the motion. Objections to subject matter jurisdiction may be taken before or after judgment. *Salitan et al v. Dashney et al,* 219 Or 553, 559, 347 P2d 974 (1959); *Comley v. State Bd. of Higher Ed.,* 35 Or App 465, 488, 582 P2d 443 (1978). The defense is not waived by failing to file a pre-trial motion to dismiss. ORCP 21 G(4).

Plaintiff Burmester argues that the question is not jurisdiction but rather permissive joinder of parties under ORCP 28. That contention is misplaced. Pursuant to ORS 46.060(1), *supra,* the district court has *exclusive* jurisdiction of money or damage claims not exceeding $3,000. *Flying Tiger Line v. Portland Trading Co.,* 45 Or App 345, 608 P2d 577 (1980), *reversed on other grounds,* 290 Or 605 (1981). The Burmester claim is within the exclusive jurisdictional limit. The fact two claims can be permissively joined under ORCP 28 is not, standing alone, a substitute for establishing subject matter jurisdiction.[4]

---

[4] Plaintiff asserts the correct procedure to challenge permissive joinder and subject mattter jurisdiction is provided by ORS 46.063(1), which says:

> "In any case where there is a dispute as to whether jurisdiction is in district court or some other court, the court before which the matter is pending shall refer the question to the Court of Appeals which shall decide the question of jurisdiction in a summary manner. The decision of the Court of Appeals on a question of jurisdiction shall be final."

The trial court was not advised of the statute. It was cited for the first time on appeal. The statute provides a method by which the lower court may submit jurisdictional questions to this court. The procedure permits the timely resolution

■ The issue is whether the claim can be added to the amount of the Holmes's claim ($4,704.05) and thereby defeat the jurisdiction of the district court over the Burmester claim. We hold that such aggregation to avoid district court jurisdiction is improper. *Salitan et al v. Dashney et al, supra,* is distinguishable. There the plaintiffs were partners and suing on a partnership claim. Four causes of action for monies due were alleged with the amount of each claim being within the jurisdictional limit of the district court. When the four claims were added together, they exceeded the jurisdictional limit of the district court. The Supreme Court held the district court did not have jurisdiction because the claims when added together exceed the jurisdictional limit. The case before us involves two plaintiffs, not partners, who have separate and distinct claims against the defendants. The claims of the plaintiffs are not joint or united or mutually dependent. Neither plaintiff had any interest in the claim of the other. The only nexus between the claims is that they arose from the same occurence, namely, the failure to renew the judgment.

No Oregon case has been cited, and we have found none, permitting the aggregation of unrelated claims to achieve subject matter jurisdiction. The long standing federal rule announced by the United States Supreme Court in *Pinel v. Pinel,* 240 US 594, 596, 36 S Ct 416, 60 L Ed 817, 818, (1916), is that "* * * when two or more plaintiffs, having separate and distinct demands, unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amounts * * *." This view has been generally followed in other jurisdictions. *See* Annotation, 72 ALR 193 (1939). We have found nothing in the legislative history of ORS 46.060, *supra,* to indicate a contrary intent. We hold that the circuit court did not have jurisdiction of the claim of plaintiff Burmester. The judgment is void and must be vacated. *Salitan et al v. Dashney et al., supra,* 219 Or at 559; *Hughes v. Aetna Casualty Co.,* 234 Or 426, 450, 383 P2d 55 (1963).[5]

of jurisdictional questions. It is not the *exclusive* method to test subject matter jurisdiction, nor does a failure to follow the statute amount to a waiver of the defense of subject matter jurisdiction. *See* ORCP 21 G.(4).

[5] No jurisdictional inquiry to this court was submitted by the trial court, pursuant to ORS 46.063(1). Therefore, subsection (2) of the statute has no

## PLAINTIFF HOLMES' CLAIM[6]

At the close of plaintiff's case in chief the defendant moved to dismiss the Holmes claim on the ground (among others) it was barred by the statute of limitations. Before the trial court ruled on that motion, plaintiff moved to amend the reply to conform to the proof. The reply alleged equitable estoppel as a ground for tolling the statute of limitations. The court denied the motion to amend and granted defendants a directed verdict on the Holmes claim. The court ruled that as a matter of law the evidence did not show "sufficient reliance" on the part of plaintiff to toll the statute. Plaintiff asserts that it was error to deny the motion to amend the reply and that the dismissal of his claim, based on the statute of limitations, was error because there was sufficient evidence to go to the jury on the question of estoppel.

1. Motion to amend the pleadings.

■    Plaintiff, in his reply, alleged reliance on a form letter from defendants dated December 14, 1962, as the basis for the claimed estoppel. At the close of plaintiff's case he moved to amend the reply, pursuant to ORCP 23.B, to conform to the evidence by adding additional allegations to support his claim of estoppel. Defendants objected to the amendment on the basis that the evidence was not offered to support the issue of estoppel. Plaintiff, in support of his motion, addressed the trial court as follows:

> "I am asking this reply be amended to include the allegation that in addition to the statement of December 14, 1962, upon which * * * plaintiffs rely, defendants also reassured them in the conversation of March 26, 1969, and caused them to rely, told them it [the judgment] would be renewed * * *."

The court denied the motion to amend and overruled the objection.

---

application here. *Cf.* ORS 12.220 and *Hatley v. Truck Insurance Exchange,* 261 Or 606, 494 P2d 426, 495 P2d 1196 (1972).

[6] Because we have held, *supra,* that the circuit court did not have jurisdiction of the Burmester claim, we refer only to plaintiff Holmes throughout the remainder of this opinion, unless otherwise indicated.

The December 14, 1962, "statement" that counsel refers to was the form letter, mentioned *supra,* whereby defendants advised plaintiff that his account had been reduced to judgment and that recovery was remote. The letter, in part, said: "* * * [Y]our interests will be followed very closely by your representative * * * we advise that you close your file at this time. We will notify you immediately should any change or chance of recovery develop * * *." The requested amendment went to evidence introduced to the effect that in March, 1969, plaintiff was concerned that the judgment would become, with passage of time, "outlawed." Plaintiff "prodded" plaintiff Burmester to inquire of the defendants' attorney. Plaintiff Burmester learned from the attorney that the judgment, if not renewed, would expire in ten years, namely in 1972, but that it would be renewed by the defendants.

The testimony of plaintiff Holmes on redirect was as follows:

"Q   All right, in 1969 Mr. Burmester testified he went, he called Mr. Long [the attorney] and he was told at that time the judgment would be renewed every ten years and not to worry about it. You were aware, you have already testified, you were aware of that telephone conversation.

"A   Right. Mr. Burmester then called me to tell me of his converstaion with Mr. Long.

"Q   You were the prod who prodded him to make that inquiry?

"A   Yes.

"Q   Did you know the total of that conversation?

"A   Well, the total was that Mr. Burmester had told me in his own words that, [the attorney said] 'quit bugging us, we will take care of this matter and it is in our hands and we will take good care of it.'"

ORCP 23 has substantially liberalized the amendment of pleadings.[7] Denial of the amendment here was

---

[7] ORCP 23 B provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is

inconsistent with the spirit of the rule. The requested amendment did not enlarge the issues nor add a new claim or defense. Its purpose was merely to expand the claim of estoppel by additional acts of the defendants that plaintiff contends he relied upon. *Blanton v. Union Pacific Railroad Co.,* 289 Or 617, 616 P2d 477 (1980); *Martin v. Burlington Northern,* 47 Or App 381, 614 P2d 1203, *rev den* (1980).

Both parties recognized that estoppel, pled in the reply, was an issue in the case. Defendants made no claim of prejudice in their objection to the receipt of the evidence. Further, they had an opportunity to offer evidence in rebuttal, had they chosen to defend on the merits. Under the rule, even evidence objected to will not prohibit an amendment, and the court should freely grant the amendment "* * * when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party * * *." ORCP 23, *supra.* The trial judge abused his discretion in denying the motion.

2. Directed verdict.

■ We turn to the propriety of the directed verdict. Motions for directed verdict, in jury cases, are permitted under ORCP 60. Defendants in their answer alleged the statute of limitations as a defense. Plaintiff, in justification of the delay in commencing the action, alleged equitable estoppel in the reply.

A motion for directed verdict raises a question of law for the court. In effect, the motion asserts that the evidence is not sufficient to sustain a claim or defense as a matter of law and, therefore, there is no question for the jury to decide. The court rules on the *legal sufficiency* of the evidence. The motion is not a request to *weigh* the evidence. *Godell v. Johnson,* 244 Or 587, 598, 418 P2d 505 (1966); *Phillips v. Colfax Company, Inc.,* 195 Or 285, 243 P2d 276, 245 P2d 898 (1952).

---

objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

In *Denley v. Mutual of Omaha,* 251 Or 333, 336, 445 P2d 505 (1968), the court said:

"A directed verdict requires that there is a *complete absence of proof on some essential issue, or that there is no conflict in the testimony and it is susceptible of only one construction.* The court must view the evidence most favorable to the plaintiff and give him every favorable inference that may be drawn from the evidence. *Young v. Crown Zellerbach,* 244 Or 251, 417 P2d 394 (1966)." (Emphasis added.) *See also, Resser v. Boise Cascade Corp.,* 284 Or 385, 389, 587 P2d 80 (1978).

The threshold question is whether there was *legally sufficient* evidence to support plaintiff's estoppel theory. In *Mitchell v. McIntee,* 15 Or App 85, 88, 514 P2d 1357 (1973), we said:

"Estoppel in pais or equitable estoppel has been defined as the doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he otherwise would have had. *Seguin v. Maloney—Chambers,* 198 Or 272, 253 P2d 252, 256 P2d 514, 35 ALR 2d 1412 (1953). The essential elements of an equitable estoppel are set out in *Earls v. Clarke,* 223 Or 527, 530-31, 355 P2d 213 (1960), and *Bennett v. City of Salem,* 192 Or 531, 541, 235 P2d 772 (1951), as follows:

"To constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. [Citations omitted.]"

The Oregon Supreme Court in *Bash v. Fir Grove Cemeteries, Co.,* 282 Or 677, 687, 581 P2d 75 (1978), quoted with approval the above five elements of estoppel and concluded with the following:

"* * * The doctrine of estoppel is only intended to protect those who materially change their position in reliance upon another's acts or representations. *Commercial Securities, Inc., v. Hall,* 140 Or 644, 15 P2d 483 (1932); *First National Bank v. Stretcher,* 169 Or 532, 129 P2d 830 (1942). Estoppel may be established only where there was a right of reliance upon the act of the parties sought to be

estopped, *Willis v. Stager,* 257 Or 608, 619, 481 P2d 78 (1971), and such reliance was reasonable. *Community Bank v. Jones,* 278 Or 647, 672, n. 11, 566 P2d 470 (1977)."

Granting plaintiff the benefit of all fair and reasonable inferences which the evidence will support, we cannot say as a matter of law that the evidence was legally insufficient to support plaintiff's claim of equitable estoppel. The trial court erred when it granted the directed verdict.

Reversed and remanded to the trial court with instructions to vacate the Burmester judgment. The judgment of the trial court dismissing the claim of plaintiff Holmes is reversed and remanded.