**In re CENTURION HEALTH
OF CARROLLWOOD
INC., Debtor.**

**Bankruptcy No. 91–15509–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 28, 1994.

Russell M. Blain, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for debtor.

Cynthia P. Burnette, U.S. Trustee's Office, Tampa, FL.

Zala Forizs, Blasingame, Forizs & Smiljanich, St. Petersburg, FL, for Designate for Unsecured Creditors' Committee.

W. Keith Fendrick, Joseph N. Tucker, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a confirmed Chapter 11 case and the matter under consideration is an Motion Seeking Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503 filed by Bay Cardiac Imaging, Inc. (Bay Cardiac), together with an Objection to the Motion filed by Barclay's Business Credit, Inc. (Barclay's). In its Motion, Bay Cardiac seeks to recover as an administrative expense $21,925.00 as compensation for radiology services rendered post-petition to Centurion Health of Carrollwood, Inc. (Debtor) and $171,000.00 as the balance of payments due to Bay Cardiac under an agreement between it and the Debtor. In its Objection, Barclay's contends that the Motion filed by Bay Cardiac is untimely and therefore, should be denied. Barclay's has filed a Motion for Summary Judgment related to the issue of untimeliness, and the facts relevant to resolution of this controversy are as follows:

The Debtor is a health management company, which prior to the commencement of this case operated a hospital in Tampa, Florida. Barclay's is the agent for itself, and for two other lenders, Barnett Bank of Tampa and Confederation Life Insurance Company, who hold a first priority lien on the real estate where the hospital located, equipment, accounts receivable, inventory and general intangibles. The Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy

Code on December 3, 1991. On January 8, 1993, the Debtor filed its Amended Disclosure Statement and an Amended Plan of Reorganization. On July 20, 1993, this Court approved the Amended Disclosure Statement and set the bar date of August 6, 1993 for the filing of proofs of claim for administrative claims. On August 19, 1993, this Court confirmed the Amended Plan of the Reorganization. On April 15, 1994, Bay Cardiac filed its Motion seeking payment as an administrative expense pursuant to § 503(b) of the Code, or approximately eight months after the bar date.

Under the Debtor's Plan of Reorganization, all the assets of the Debtor were transferred to University Community Hospital. In addition, a set sum was set aside to pay unsecured creditors. A second reserve was created for payment of administrative expenses of $3.9 million, with the balance in the reserve to be paid to Barclay's after all allowed administrative claims were paid.

Based upon these facts, Barclay's contends that there are no material issues of fact and it is entitled to a judgment in its favor as a matter of law. In opposition, Bay Cardiac contends that it did not have a claim to file prior to the expiration of the bar date for filing proofs of claim and therefore, it could not have filed a proof of claim prior to the expiration of the bar date.

■ It is well established that the Bankruptcy Court has the power to establish deadlines or bar dates by which a proof of claim must be filed. *In re Holywell Corp.,* 911 F.2d 1539 (11th Cir.1990); *See also In re Reams Broadcasting Corp.,* 153 B.R. 520 (Bankr.N.D.Ohio 1993); *Matter of Isis Foods, Inc.,* 27 B.R. 156 (W.D.Mo.1982); *In re Verco Industries,* 20 B.R. 664 (9th Cir. BAP 1982); *In re Standard Furniture Co.,* 3 B.R. 527 (Bankr.S.D.Cal.1980). In addition, these bar dates may prevent the payment of a claim if the claim was not filed in a timely fashion. *Holywell, supra.* However, there is no provision in the Bankruptcy Code which establishes a bar date for administrative claims, and therefore, the bar date set by the court is set as an administrative aid designed to assist to conclude the administration of the Chapter 11 case and is not a statute of limitation.

■ Considering Bay Cardiac's claim in the amount of $21,925.00 to be allowed as cost of administration pursuant to § 503 of the Bankruptcy Code, it is evident that this claim is based on services rendered to the Debtor post-confirmation, and thus clearly cannot be charged as a cost of administration of the estate. This is so because by virtue of § 1141 of the Bankruptcy Code, there is no longer an estate but merely a reorganized debtor even though the confirmed plan calls for a total liquidation of the assets. Thus, concerning this portion of the claim, no administrative claim can be allowed and this Court is satisfied that whether or not the claim was timely filed is academic and moot.

■ The second component of the claim asserted by Bay Cardiac is in the amount of $171,000.00. This represents a claim based on a post-petition transaction between the Debtor and Bay Cardiac under which the Debtor agreed to pay Bay Cardiac this sum in monthly installments. In light of the contention advanced by Bay Cardiac that they did not receive the bar date for filing administrative claims and in light of the allegation that the claim of Bay Cardiac did not arise until after the expiration of the time to file a claim for administrative expenses, it is impossible to resolve this controversy based on these facts as a matter of law.

■ This leaves for consideration the proposition argued by Barclay's that Bay Cardiac is barred from asserting its claim under the principles of laches and equitable estoppel. The doctrine of equitable estoppel is based on the proposition that a person may be precluded from asserting a right which it would otherwise have had by its act or conduct or even silence when it has a duty to speak. *Mitchell v. McIntee,* 15 Or.App. 85, 514 P.2d 1357, 1359. The elements or essentials of this doctrine included a change of position for the worse by the party asserting the estoppel.

■ As noted earlier, this is a total liquidation case and under the plan of reorganization all the assets of the Debtor have been transferred to University Community Hospi-

tal and as part of this transaction the funds obtained were set aside to pay unsecured creditors. In addition, there was a second reserve created for payment of administrative expenses with the proviso that if there is a balance remaining after full satisfaction of all timely filed requests for administrative expense of $3.9 million, the balance will be paid to Barclay's. To recognize the claim of Bay Cardiac would not impact negatively on the rights of unsecured creditors but would impact Barclay's right to the remaining balance. This being the case, one would be hard pressed to decide this issue on the doctrine of equitable estoppel.

 Laches is a recognized doctrine in equity and is based on the maxim that equity aids the vigilant and not those that slumber on their rights. Laches always includes an element of estoppel but requires that the neglect or total failure to timely assert a right operates with prejudice toward the other party. This is clearly not the case in the present instance and there is nothing in this record which would warrant the conclusion that Bay Cardiac's failure to timely assert a claim did detrimentally impact the rights of Barclay's.

Based on the foregoing, this Court is satisfied that the Motion for Summary Judgment filed by Bay Cardiac is well taken concerning the claim of $21,925.00 and the portion of the claim asserting $21,925.00 is hereby disallowed. However, the Motion for Summary Judgment should be denied concerning the claim of $171,000 in order to permit Barclay's to establish at a trial the alleged detriment it suffered because of the delay by Bay Cardiac in asserting its claim.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Motion for Summary Judgment is hereby granted in part and denied in part. The Objection of Barclay's to the portion of the claim asserted by Bay Cardiac is hereby sustained and the claim in the amount of $21,925.00 is hereby disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is hereby denied as to the portion of the claim asserted by Bay Cardiac in the amount of $171,000.00, and this matter shall be scheduled for pre-trial conference before the undersigned in Courtroom C of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on Nov. 1, 1994 at 9:15 am to prepare the issues of Bay Cardiac's entitlement to the payment and Barclay's detriment for trial.