No. 671 July 30, 2025 221

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

IRVIN PETERSEN TRUCKING, LLC,
an Oregon Limited Liability Company
*Plaintiff-Appellant,*

*v.*

Dominico SCALA
and Shirley M. McAuliffe,
the purported acting Trustee of the Ida Scala Trust,
*Defendants,*

*and*

Maragret SAYLES,
as Trustees of the Ida Scala Trust;
or in the alternative Catherine J. McAuliffe;
Josephine C. Stanton the purported acting Trustee of the
Ida Scala Trust,
*Defendants-Respondents.*

Klamath County Circuit Court
20CV35128; A181434

David M. Vandenberg, Judge.

Argued and submitted April 29, 2025.

Nathan J. Ratliff argued the cause for appellant. Also on the briefs was Parks & Ratliff, P.C.

Andrew C. Brandsness argued the cause for respondents. Also on the brief was Brandsness, Brandsness & Rudd, P.C.

Before Aoyagi, Presiding Judge, Egan, Judge, and Kamins, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Plaintiff Petersen Trucking LLC is a business operated by Karen and Irvin Petersen. Plaintiff sold hay to the Ida Scala Trust until 2009, when plaintiff stopped making deliveries due to a significant past due balance. Defendants are trustees of the Ida Scala Trust, as well as family members of Karen Petersen.[1] Defendants made occasional payments toward the past due balance until April 2011, when they made their last payment, bringing the balance down to $93,000. For the next eight or nine years, no more payments were made, but defendants regularly assured plaintiff that they were going to pay the debt. They gave such assurances at least yearly and whenever plaintiff raised the issue. In 2020, defendants changed course, telling plaintiff that they had hired a lawyer and would no longer talk about the debt. Plaintiff filed this action shortly thereafter. Defendants raised the statute of limitations as an affirmative defense. After hearing all the evidence at trial, the court found that plaintiff's claims were meritorious, but time barred. Plaintiff appeals, arguing that the court misunderstood the law of equitable tolling. We conclude that the trial court did not err and, accordingly, affirm.

## FACTS

"We review the trial court's findings of fact for any evidence to support them *** and its legal conclusions for errors of law." *Allco Enterprises, Inc. v. Goldstein Family Living Trust*, 183 Or App 328, 330, 51 P3d 1275 (2002). "[T]o the extent that the trial court resolved disputed factual issues in making its ruling, we will not disturb the trial court's express or implicit factual findings as long as those findings are supported by the evidence." *State v. Davis*, 345 Or 551, 564-65, 201 P3d 185 (2008), *cert den*, 558 US 573 (2009). We state the facts accordingly.

Plaintiff sold and delivered hay to Scala Farms (aka Scala Dairy) for many years, beginning when Karen Petersen's grandmother, Ida Scala, was still alive. Plaintiff sent invoices each month, and, until Ida Scala's death,

---

[1] We use "defendants" to refer to Catherine McAuliffe, Margaret Sayles, and Josephine Stanton—the three trustees of the Ida Scala Trust—individually and collectively. The other two named defendants, Dominico Scala and Shirley McAuliffe, were dismissed and are not parties on appeal.

payment was always made within a reasonable time. After her death, defendants were sometimes slow to pay for the hay deliveries, and a significant balance began to accrue after 2005. Plaintiff eventually stopped deliveries as a result. Plaintiff's last hay delivery to Scala Farms was made on April 29, 2009, at which point the trust owed approximately $115,000 to plaintiff.

After stopping deliveries, Karen Petersen asked repeatedly about payment. Defendants made some payments in 2009, 2010, and 2011, bringing the outstanding balance down to approximately $93,000. Their last payment was made in April 2011. In subsequent years, Karen Petersen continued to ask about payment, and defendants always assured her that they were going to pay the balance, doing so at least yearly and any time that the issue was raised. Defendants cited various future events as when payment would be made, such as when certain rents were received, when cows were sold, or when the final trust settlement occurred. Karen Petersen believed defendants, even though she knew they had a reputation for not paying their bills, because they were family.

In fall 2019, plaintiff placed a lien on some cattle that the trust was selling at auction. Defendants' lawyer sent plaintiff a letter in late April 2020, asserting that the lien was improper and demanding that it be removed to avoid legal action, which plaintiff did. In June 2020, defendants told Karen Petersen that they had hired a lawyer and would no longer talk to her about the hay debt.

On October 12, 2020, plaintiff filed this action for breach of contract, goods sold and delivered, action on account, account stated, and unjust enrichment. In their answer, defendants raised the statute of limitations as an affirmative defense.

The case went to trial in November 2022. Regarding defendants' affirmative defense, the parties disagreed as to whether the applicable statute of limitations was the four-year statute for sale of goods in ORS 72.750, which is part of the Uniform Commercial Code, or the six-year statute for contract actions in ORS 12.080. More importantly, they

disagreed as to when the statute started running. Plaintiff argued that the doctrine of equitable estoppel tolled the statute during the years that defendants were assuring Karen Petersen that they would pay for the hay and Karen Petersen was believing them, such that plaintiff's claims were timely, whereas defendants maintained that that doctrine either did not apply or did not save plaintiff's claims from untimeliness.

The trial court found for plaintiff on the merits but for defendants on the statute of limitations. The court generally credited plaintiff's evidence and made findings consistent with that evidence, including finding that plaintiff had proved all of its alleged damages. The court found, however, that, whether the statute of limitations was four or six years, plaintiff's reliance on defendants' assurances became objectively unreasonable at a point that made her claims untimely. The court reasoned that "defendants' promises were made and broken numerous times (yearly or more often since 2011)" and that "[t]he promises/representations and more importantly the lack of follow through on the promise or representation started well before the statute of limitations had run in this matter." The court also found that plaintiff's reluctance to take legal action against family members accounted for at least some of the delay. The court explained that it could not apply equitable estoppel under the circumstances:

> "Defendants lied and manipulated Plaintiffs since April 2011 to justify their nonpayment of the debt they acknowledged they owed. However, the Court cannot find all the elements for the legal grounds to find estoppel to toll the statute of limitations in the face of the frequent and numerous false claims of payment to be made and for so many years for Plaintiffs to be ignorant of the truth or for the promises/representations to continue to be an inducement to fail to act."

The court therefore dismissed all of plaintiff's claims as time barred.

## ANALYSIS

Plaintiff challenges the trial court's ruling on the statute of limitations. Plaintiff essentially argues that the trial court misinstructed itself on the law of equitable

estoppel, by applying an objective reasonableness standard to Karen Petersen's beliefs and actions when the law requires a purely subjective standard. *See State v. Karim*, 323 Or App 25, 29, 522 P3d 24 (2022) (where neither party identified the exact nature of the challenged ruling, we discerned from reviewing the record that what the appellant was challenging was "in the nature of an erroneous self-instruction in a bench trial").

As previously noted, the parties disagree as to which statute of limitations applies to plaintiff's claims. Defendant contends that it is the four-year statute for sale of goods, ORS 72.750, whereas plaintiff argues for the six-year statute for contract actions, ORS 12.080. The trial court deemed it unnecessary to resolve that dispute, given its findings on equitable estoppel, and so do we. The trial court found that, even if the longer statute of limitations applied, it had run out by the time that plaintiff filed this action on October 12, 2020. That is, Karen Petersen's reliance on defendants' representations became objectively unreasonable sometime before October 12, 2014, so, even if equitable estoppel delayed the statute from starting to run while her reliance was reasonable, plaintiff waited more than six years (and thus too long) to bring the action once it became unreasonable. The only question before us is whether the trial court's consideration of objective reasonableness reflected a misunderstanding of the law of equitable estoppel. As explained below, we conclude that it did not.

"[E]quitable estoppel has been defined as the doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he otherwise would have had." *Mitchell v. McIntee*, 15 Or App 85, 88, 514 P2d 1357 (1973). For the doctrine to apply, "(1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it." *Bash v. Fir Grove Cemeteries, Co.*, 282 Or 677, 687, 581 P2d 75 (1978). Equitable estoppel may be applied to statutes of limitations, but not to statutes of

repose. *Beals v. Breeden Bros., Inc.*, 113 Or App 566, 570-72, 833 P2d 348, *rev den*, 314 Or 727 (1992).

The gist of plaintiff's argument is that Karen Petersen *subjectively believed* defendants' misrepresentations about future payment of the hay bill and *in fact* relied on those misrepresentations in waiting to bring this action—as the trial court expressly or implicitly found, at least for some of the relevant time period—and that it does not matter for purposes of equitable estoppel whether it was *objectively reasonable* for her to do so. Plaintiff points to the plain language of the five elements of equitable estoppel, as quoted above, and emphasizes the lack of any mention of reasonableness.

The problem with that argument is that it fails to account for the case law, which makes objective reasonableness relevant to equitable estoppel in two ways. First, the case law clarifies that the first element—a false representation—requires a false representation of material fact, with materiality determined by reference to "whether the conduct of an objectively reasonable person would have been affected." *Vukanovich v. Kine*, 302 Or App 264, 283, 461 P3d 223, *rev den*, 366 Or 827 (2020). Second, the case law clarifies that the fifth element—that the party was induced to act upon the false representation—requires both actual reliance and reasonable reliance: "The doctrine of estoppel is only intended to protect those who materially change their position in reliance upon another's acts or representations. Estoppel may be established only where there was a right of reliance upon the act of the parties sought to be estopped, and such reliance was reasonable." *Holmes v. Oregon Assn Credit Mgmt*, 52 Or App 551, 559-60, 628 P2d 1264, *rev den*, 291 Or 771 (1981) (internal citations omitted); *see also Willis v. Stager*, 257 Or 608, 619-20, 481 P2d 78 (1971) (explaining that estoppel requires "not only reliance, but a right of reliance," so a party who had actual or constructive knowledge of the true facts cannot use equitable estoppel); *Brockway v. Allstate Property and Casualty Ins. Co.*, 284 Or App 83, 90, 391 P3d 871 (2017) ("[T]here must be 'justifiable reliance by the party seeking to invoke estoppel, and that reliance must be reasonable.'").

The trial court therefore did not misinstruct itself on the law. In making its findings on equitable estoppel, it was proper for the court to consider whether it was objectively reasonable for Karen Petersen to continue relying on defendants' assurances past October 12, 2014, and whether an objectively reasonable person's conduct would have been affected by defendants' statements.

As for the findings themselves, we do not understand plaintiff to challenge the sufficiency of the evidence for the findings that the court made; that is, we do not understand plaintiff to argue that it was entitled to prevail as a matter of law on equitable estoppel. Defendants seem to believe that plaintiff is making such an argument, however, so we note that this record allows the reasonableness findings that the court made (regardless of whether it would compel them). Finally, we disagree with plaintiff that a remand is necessary to clarify the exact date on which it became unreasonable for Karen Petersen to rely on defendants' representations regarding future payment. The trial court implicitly found that it was no longer reasonable by October 12, 2014 (six years before this action was filed), and there is no legal justification to require the trial court to pin down the date with any more specificity than that.

The trial court noted in its letter opinion that there is little satisfaction in enforcing a statute of limitations against a party who was too trusting of family members and, as a consequence, was cheated out of a substantial sum of money. We cannot disagree. However, the trial court followed the law, as must we. The judgment rests on a correct understanding of the law of equitable estoppel and, accordingly, is affirmed.

Affirmed.