THE CITY OF EL PASO

*v.*

W. H. HOAGLAND *et al.*

*Opinion filed December 22, 1906.*

1. MUNICIPAL CORPORATIONS—*a city may be estopped to claim rights in alley.* The Statute of Limitations does not run against a municipal corporation with respect to its streets and alleys, nor does mere adverse possession thereof by private parties divest the municipal corporation of its rights, but such corporation, under particular circumstances and conditions, may be equitably estopped to assert its rights.

2. SAME—*when city is estopped to assert rights in alley.* Proof of an attempt by a city to vacate an alley, even though it falls short of showing a legal vacation, coupled with the facts that adjoining property owners, in the belief such alley had been legally vacated, took possession thereof and in good faith erected buildings of a permanent character and substantial value, and that the city never, for many years, attempted to open or make use of the alley, raises an equitable estoppel against the city to assert any rights therein.

APPEAL from the Circuit Court of Woodford county; the Hon. G. W. PATTON, Judge, presiding.

JOHN F. BOSWORTH, City Attorney, and JAMES A. CAMERON, for appellant.

WELTY, STERLING & WHITMORE, and C. G. SCHROEDER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In the year 1865 Thomas Hamilton, Jr., laid out and platted Hamilton's addition to the city of El Paso, with an alley sixteen feet wide running east and west through the center of block 5 of the addition. The lots south of the alley were conveyed to Betsy Thompson in 1871. On November 7, 1881, James Thompson, husband of Betsy Thompson, and S. T. Rogers, representing the lots on the other

side of the alley, presented their petition to the city council asking that the alley be vacated. The petition was referred to the street committee, and at the next regular meeting of the city council, on December 5, 1881, that committee reported in favor of vacating the alley, but in their report as entered of record the alley was described as being in block 6 instead of block 5. If the original report was in writing it has been destroyed. The record shows that the report was, on motion, received and adopted, but it does not appear that the ayes and nays were taken or that three-fourths of the members of the council voted for the motion. In 1882 a barn was built by James Thompson at the west end of the alley, resting on stone pillars and extending into the alley several feet. The barn was twenty-one feet long east and west, and a few years afterward an addition was built on the north side, of the same length and nine feet wide, which was wholly in the alley. A coal shed thirty feet long was built east of the barn, with a brick wall which extended into the alley three and one-half feet. In addition to this building there is a fence and a concrete walk two and one-half feet wide and twenty-seven feet long in the alley. The city, as such, never took possession of the alley or claimed any rights in it, and it was never open or used by the public. A woman who lived in an addition adjoining on the west, which connected with the alley, chopped down with an axe the gate or bars across the west end of the alley a number of times, more than twenty years ago, and Thompson as often replaced the gate or bars. That was the only interference with the possession or occupation of the alley by Betsy Thompson and her husband and the appellees. In 1885 the lots north of the alley were conveyed to Betsy Thompson. She died in 1900, leaving the appellee Nellie L. Hoagland her only heir-at-law, who still owns lots on both sides of the alley. In 1904 Thomas Hamilton, Jr., and wife executed a quit-claim deed of the alley to the appellee W. H. Hoagland. In 1905, appellant being about to take steps toward opening the

alley, appellees filed their bill in this case, praying for an injunction restraining the city from interfering with their possession. The writ was issued and appellant answered the bill. Replication having been filed, the cause was referred to a special master in chancery to take the evidence and report the same to the court. The evidence was taken and the facts above stated were proved, and the court, upon consideration thereof, entered a decree making the injunction perpetual. From that decree this appeal was prosecuted.

Streets and alleys are held by the municipal corporation in which they are situated, in its governmental capacity, for the use of the public, and in respect to them the municipality is not within the Statute of Limitations. Mere adverse possession of a street or alley for twenty years does not operate to divest public rights therein. (*Lee* v. *Town of Mound Station,* 118 Ill. 304.) The doctrine of equitable estoppel, however, is applicable to municipal corporations in respect to such rights, and they will be estopped, or not, according to the circumstances of the particular case and the requirements of justice. (*Chicago, Rock Island and Pacific Railroad Co.* v. *City of Joliet,* 79 Ill. 25.) The naked fact of possession by an individual or non-user by the public authorities for any length of time will not create such an estoppel; (*City of Sullivan* v. *Tichenor,* 179 Ill. 97;) nor will the fact that there are some trifling improvements on the property, such as a picket fence, maple tree, lilac bush, creeping vine and grass, the destruction or removal of which will not cause any substantial injury to the individual. (*City of DeKalb* v. *Luney,* 193 Ill. 185.) On the other hand, it was held in the case of *Jordan* v. *City of Chenoa,* 166 Ill. 530, where the appellant had been in possession of an alleged alley for more than twenty years and had trees growing on it, a house standing on a part of it and a hedge fence growing across the end of it, that the city was estopped from opening the alley. In that case there had been such non-user by the public and such conduct as would reasonably induce

a belief that the alley had been abandoned by the city. In this case the alley was never opened or used by the city, and the city council adopted the report of the street committee recommending its vacation upon the petition presented to the council. The report of the committee gave the wrong number to the block, and the record does not show that such a vote was taken as would be operative to legally vacate the alley, but this alley was the one intended. There was no legal vacation, but the evidence is important as showing the intention of the city authorities at that time in respect to it. Taking all the evidence together, it was sufficient to show that Betsy Thompson and her husband were induced to believe that the alley was vacated and abandoned, and that the improvements in the alley were constructed in good faith. The buildings are of a permanent nature, and while they are not new or of very great value, they are of such a nature that if the city should be permitted to open the alley the appellees would suffer a substantial loss. It is claimed that there was some recognition of the existence of an alley by verbal admissions, but the evidence in that respect is insufficient to establish that fact.

The decree is affirmed.

*Decree affirmed.*