Argued October 7, 1968, reversed January 15, 1969

BANKUS, *Respondent, v.* CITY OF
BROOKINGS, *Appellant.*
449 P. 2d 646

*W. W. Balderree,* Grants Pass, argued the cause for appellant. On the briefs were Balderree & Calvert, Grants Pass.

*F. H. Starkweather, Jr.,* Gold Beach, argued the cause and filed a brief for respondent.

Robert Y. Thornton, Attorney General and Richard W. Sabin, Assistant Attorney General, Salem, filed a brief as amicus curiae, on behalf of the Public Utility Commissioner of Oregon.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## SLOAN, J.

For several years plaintiff had operated a water system in the confines of defendant city of Brookings. In August of 1966, he made an agreement with a cemetery association to construct a water line to the cemetery. This required excavating a ditch of about 2,000 feet in length and 2 feet wide along a city street. The city ordinance required plaintiff to obtain a city permit for this purpose. The pertinent sections of the ordinance are in the margin. The ordinance authorized the city superintendent of streets to issue the permit. The ordinance, it will be observed, also required a deposit of $2 a running foot of excavation, in this instance, to guarantee a proper backfill of the ditch.

Before starting the ditch, plaintiff had obtained a permit from the city recorder. This permit required a deposit of only $500, on the theory that plaintiff would repeatedly excavate and refill a ditch of about 135 feet in length until he had completed the total length

of the ditch and refill. After he had completed about 135 feet the city ordered the excavation stopped until plaintiff had obtained a permit issued by the correct authority and had made a deposit of $2 a foot for the entire length of the proposed ditch. Plaintiff then brought this suit to enjoin the city from reneging on the permit issued. The trial court ordered the injunction. The city appeals.

The city concedes that it must issue a permit if the required deposit is made.

■ Several theories, including estoppel, are advanced by plaintiff to sustain the validity of the permit issued to him. We think it unnecessary to decide if the recorder could issue a valid permit. The decisive question is whether or not the responsible city official could have waived the clear requirement of the ordinance relative to the amount of the deposit required. After extensive consideration of the arguments advanced and the authority available on the subject we have concluded that the court cannot rewrite the ordinance and give it a meaning different than the clear requirements it contains. *Fullerton v. Lamm,* 1946, 177 Or 655, 670, 163 P2d 941, 165 P2d 63; *State ex rel Appling v. Chase,* 1960, 224 Or 112, 355 P2d 631; 6 McQuillan, Municipal Corporations (3d ed, 1949) § 20.43.

■ The ordinance is specific as to the authority of the officer who has the responsibility to issue the permit and equally emphatic in regard to the deposit required. The ordinance would not permit a city officer to ignore the deposit requirement nor would the city be estopped or otherwise bound because the city official fails to conform to the ordinance. Whatever may be the right of a city official to waive the requirements of a nonmandatory ordinance, when the official is acting within a general grant of authority, the au-

thorities are uniform that the mandatory requirements of an ordinance specifically stated cannot be waived. *Tuttle v. Beem,* 1933, 144 Or 145, 24 P2d 12; *Public Market Co. v. Portland,* 1943, 171 Or 522, 130 P2d 624, 138 P2d 916; *Lane County v. Heintz Const. Co. et al,* 1961, 228 Or 152, 364 P2d 627. Nor may a city be estopped by the acts of a city official who purports to waive the provisions of a mandatory ordinance or otherwise exceeds his authority. *Cabell et al v. Cottage Grove et al,* 1943, 170 Or 256, 130 P2d 1013; Anno 1 ALR2d 338 at 349 et seq. and particularly, *City of Milwaukee v. Leavitt,* 1966, 31 Wis2d 72, 142 NW2d 169.

It follows that the decree must be reversed and the injunction denied.

ORDINANCE NO. 181

"* * * * *.

"Section 1: No person, firm or corporation nor any employe, agent or representative of any such person, firm or corporation shall dig a hole, or holes, or make an excavation or excavations in or upon any street or alley of the City of Brookings; * * * without first having applied to the City Council and having first received from the said City Council, or its duly appointed and authorized official, its consent and permission therefore and thereto.

"Section 2: The City, Superintendent of Streets of the City of Brookings is hereby named and designated as said duly appointed and authorized official, as such official is named and referred to in Section 1, * * *."

"* * * * *.

"Section 5: A minimum deposit of $250.00 shall be required with all applications. In addition to the minimum $250.00 deposit the following additional sums will be required to be deposited with the application and before any permit is issued:

| Trench Width | Deposit Required Per Lineal Foot of Cut Lying Within the Street Right of Way |
|---|---|
| 1.5 feet or more, but less than 2.0 feet | $1.50 per foot |
| 2.0 feet, or more, but less than 2.5 feet | $2.00 per foot" |