513 P.2d 532 (1973)
CLACKAMAS COUNTY, a Political Subdivision of the State of Oregon, Respondent,
v.
Terry W. EMMERT and Kathleen M. Emmert, Husband and Wife, Appellants.
Court of Appeals of Oregon.
Argued and Submitted June 19, 1973.
Decided August 27, 1973.
Rehearing Denied September 26, 1973.
Review Denied November 13, 1973.
*533 Paul Gerhardt, and Gary M. Bullock, Portland, argued the cause and filed the briefs for appellants.
Richard F. Crist, Deputy Dist. Atty., Oregon City, argued the cause for respondent. On the brief were Roger Rook, Dist Atty., and Robert D. Burns, Deputy Dist Atty., Oregon City.
Before SCHWAB, C.J., and LANGTRY and FORT, JJ.
LANGTRY, Judge.
This appeal is from a circuit court decree in a zoning case in which the court found that the use by defendants of certain real property for duplex residence buildings was a nuisance in violation of the Clackamas county zoning ordinance and ORS ch. 215. The decree ordered defendants to abate the nuisance and enjoined them from maintaining duplex residence buildings upon the subject property.
Questions presented on appeal are: (1) whether two amendments to the county zoning ordinance were erroneously received in evidence; (2) whether either of the amendments are invalid because of vagueness or insufficient notice of public hearing prior to enactment; and (3) whether it was error to find that the county is not estopped from claiming the land is zoned to exclude the duplexes.
The complaint, besides necessary formalities, alleged passage of the original zoning ordinance in 1960, an October 31, 1969 amendment thereof, and "* * * At all times material herein said [defendants'] real property was and is zoned RA-1 (Rural Agriculture Single Family Residential)." It alleged that defendants had placed upon the property two duplexes as residences for four families and asked for the relief which was subsequently granted.
In the answer defendants generally denied the complaint. In one affirmative defense they alleged that they had obtained permission from "* * * the staff of the Clackamas County Planning Commission * * *" to move the duplexes upon the property because it was "`out of permit area'"; that permission for location of the duplexes also was granted by the Clackamas county health department; that in moving the structures upon the property they incurred substantial expense and would be required to incur substantial additional expense if they were required to move the duplexes or to separate them into single family residences; and that the permit issued by the planning staff was a result of negligence or of the fact that the property was not lawfully zoned RA-1 and therefore plaintiff should be estopped from seeking to enforce the ordinance. A second affirmative defense alleged the ordinance amendments were invalid because they were not enacted pursuant to law. These matters were placed at issue. The October 1969 amendment to the zoning ordinance and another amendment to the ordinance dated July 13, 1970 were received in evidence.
(1). Defendants contend that, inasmuch as the 1969 amendment was not pleaded by title and date of passage and the complaint made no reference to the 1970 amendment, evidence of either of them should not have been admitted. ORS 16.510(2) provides that in pleading an ordinance *534 it is sufficient to refer to the ordinance by its title and date of passage and that the court shall thereupon take judicial notice thereof. Defendants' contention stems from this statute. The contention is untenable because the complaint alleges that at all material times the property was zoned RA-1. The defendants' general denial included this allegation. Both of the ordinance amendments were relevant to prove the facts thus at issue. It is not a question here whether the court will take judicial notice of the ordinance amendments but rather a question of proof of a fact.
(2). The validity of the 1969 and 1970 amendments to the zoning ordinance is challenged for (a) vagueness and (b) insufficient notice of a public hearing prior to their enactment as required by the provisions of ORS 215.223(1). That statute requires notice of public zoning hearings 10 days in advance of each hearing "* * * published in a newspaper of general circulation in the county * * *." Formal requisites of the published notice are not otherwise provided for.
(a). The October 1969 ordinance amendment fails to inform the reader which areas are zoned RA-1 and which are C-2 and for this reason it appears to be invalid, at least insofar as the subject property is concerned. Lane County v. Heintz Const. Co. et al, 228 Or. 152, 161, 364 P.2d 627 (1961). However, this does not invalidate the zoning because the July 1970 amendment corrected the defects of the October 1969 amendment, for that amendment which is in the record shows without question that defendants' property is zoned RA-1. The validity of the 1969 ordinance amendment thus becomes irrelevant.
(b). The record contains a copy of the Oregon City Enterprise Courier dated June 26, 1970. In that paper a "public notice" was published which was a recitation of a complete order of the county commissioners directing the clerk to publish notice. It was much longer than a simple notice of the hearing needed to be and undoubtedly cost more to publish than such a public notice should have. Nevertheless, it was entitled "In the Matter of Calling a Hearing on the Adoption of New Zoning Area Maps." The body of the notice published on June 26, 1970 contained extraneous matter, but it included:
"* * * [T]he County Planning Commission made a recommendation to the Board to adopt new zoning maps for the following described areas * * * All Sections lying within * * * Township 3S, Range * * * 3 * * * E [defendants' property is in Section 6, Township 3S, Range 3E] * * *.
"It * * * appearing * * * that pursuant to * * * Ordinance, the Board * * * shall hold a hearing * * *.
"IT IS HEREBY ORDERED that the hearing * * * be held on the 8th day of July, 1970, at the hour of 10:00 A.M., in Room 201, County Courthouse * * * to afford the general public an opportunity to be heard * * *."
An exhaustive annotation in 96 A.L.R.2d 449 (1964) discusses cases which have adjudicated requirements of statutory notice prerequisite to adoption or amendment of zoning ordinances. Another Annotation, 38 A.L.R.3d 167 (1971) similarly treats notice requirements for exceptions and variances to zoning ordinances. Where, as at bar, the statutory requirement is general in nature, the annotators state that the rule is that the notice contents need only "* * * reasonably apprise those interested that the contemplated action is pending" (96 A.L.R.2d, supra, at 497) so long as property owners "* * * can reasonably ascertain from it that property in which they are interested may be affected" (96 A.L.R.2d, supra, at 504). The notice at bar stated the time and place of the hearing and it was published more than 10 days in advance thereof. We hold that it reasonably apprised defendants, who could see that their previously unzoned property *535 was included, that zoning was contemplated therefor and that it told them when and where they could be heard thereon. Thus, although the notice left much to be desired, it was adequate to meet the requirements of ORS 215.223(1) and due process.
(3). Defendants claim the county should have been held estopped from enforcing the RA-1 zone. The chronology of events upon which the claim of estoppel rests follows: October 7, 1969 defendants purchased the property. Defendant Terry W. Emmert testified that upon checking with the planning department before buying he was told the property was unzoned. He testified that in February 1970 he again checked with the planning department for procedures necessary to obtain permission to move multi-unit buildings onto the property and was again told the property was unzoned. March 6, 1970 defendants obtained from the county board of health approval for use of septic tanks for multi-unit buildings upon the property. July 13, 1970, after the published notice already mentioned, the property was zoned RA-1. October 1970 defendants obtained a permit from the county public works department to move two duplexes over the highway to the property. To obtain this permit defendants were required to obtain approval from the Clackamas county building section which was a section of the planning department. When defendants checked with the building section they received approval of the permit to move the duplexes onto the property because the property was "out of permit area" where building permits were required. From the latter defendant testified he inferred the property was not subject to zoning restriction. October 13, 1970 the duplexes were moved onto the property and shortly neighbors complained to the planning department, after which notification was given on November 17, 1970 to the defendants that the duplexes were in violation of the zoning ordinance. Defendants applied for a zoning change and then, after some time and changes in the application, it was finally turned down. During the time elapse between notification and final turn down of the application for zone change, the defendants made substantial expenditures to complete the installation of the duplexes.
Defendants have not pleaded the elements of an estoppel, which often have been recited as follows:
"`To constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. State v. Claypool, 145 Or. 615, 28 P.2d 882; Bramwell v. Rowland, 123 Or. 33, 261 P. 57; Oregon v. Portland Gen. Elec. Co., 52 Or. 502, 528, 95 P. 722, 98 P. 160; 31 C.J.S. Estoppel § 67 page 254.'" Earls et ux v. Clarke et al, 223 Or. 527, 530-531, 355 P.2d 213, 214 (1960).
If these elements had been specifically pleaded there clearly was a lack of proof with reference to (2) and (4) and much question as to the proof of (1).
The lack of coordination between the county departments and employes handling zoning, health and building matters provided cause for defendants to complain in this case, even though the elements of estoppel were not pleaded or proven  enough to make us examine the application of the law of estoppel to this kind of situation. Such examination discloses a general rule which excludes use of the estoppel doctrine, with a line of cases which appears to be to the contrary. Perhaps the conflict can be, at least in part, explained by noting that some courts seem to have confused the defense of laches with that of estoppel.
In Bankus v. City of Brookings, 252 Or. 257, 449 P.2d 646 (1969), where estoppel was sought to be raised against a city to prevent it from revoking a construction permit that had been issued by city employes without compliance with the ordinance *536 requirements therefor, the court said:
"* * * Nor may a city be estopped by the acts of a city official who purports to waive the provisions of a mandatory ordinance or otherwise exceeds his authority. Cabell et al v. Cottage Grove et al, 1943, 170 Or. 256, 130 P.2d 1013; Anno. 1 A.L.R.2d 338 at 349 et seq. and particularly, City of Milwaukee v. Leavitt, 1966, 31 Wis.2d 72, 142 N.W. 2d 169." (Emphasis supplied.) 252 Or. at 260, 449 P.2d at 648.
The citation to Annotation, 1 A.L.R.2d 338, 349 (1948) reveals that the general rule regarding estoppel is as our Supreme Court has stated. However, the annotator notes that as with all rules there are exceptions. 1 A.L.R.2d at 353. See also 1 Yokley, Zoning Law and Practice 446, 447 et seq., § 10-8 (3d ed 1965).
In this regard defendants rely heavily on Cities Ser. Oil Co. v. City of Des Plaines, 21 Ill.2d 157, 171 N.E.2d 605 (1961), where plaintiff in reliance upon a building permit had expended over $5,000. Seven months after the permit was issued the city sought to revoke the permit, citing ordinance violations. Plaintiff brought suit to enjoin enforcement of the ordinance and the court stated:
"* * * There is no doubt that if one is aware of the applicable ordinance, or makes no attempt to know of it, the issuance of a permit contrary thereto does not create an estoppel against the city to forbid any further work on the building. Sinclair Refining Co. v. City of Chicago, 246 Ill. App. 152. It is also true that even in the absence of such knowledge, the mere issuance of an unauthorized permit and reliance thereon to one's injury does not provide grounds for relief. Burton Co. v. City of Chicago, 236 Ill. 383, 86 N.E. 93. In the case at bar, however, the lapse of seven months without any attempt to revoke the permit constitutes conduct on the part of city authorities from which it could reasonably be inferred that its issuance was, in effect, ratified. See City of El Paso v. Hoagland, 224 Ill. 263, 79 N.E. 658. We conclude that the facts and circumstances of this case are sufficient to raise an equitable estoppel against the city." 21 Ill.2d at 163, 171 N.E.2d at 609.
We note that the material fact upon which the case turned  that is, the lapse of seven months without action  sounds more of laches than estoppel. Regardless of terms, the case is distinguished from the case at bar because here the county planning department took steps to inform defendants by letter that the duplexes were in violation of the zoning ordinance as soon as the matter was brought to its attention. Defendants ignored this letter and went on to complete their project. There was no implied ratification of the prior representations that the area was unzoned (if indeed the evidence can be construed as proving that the approval of the septic tanks or moving permits was such a representation).
In addition, Milwaukee v. Leavitt, 31 Wis.2d 72, 142 N.W.2d 169 (1966), specially relied upon by our Supreme Court in Bankus v. City of Brookings, supra, supports a finding that even viewing the facts in the light most favorable to defendants and ignoring the notice they received that they were violating the zoning ordinance, the estoppel doctrine should not be applied. There defendant had been issued an occupancy permit in 1961. He spent $2,500 to alter the building for the use stated in the permit. In 1964 the city revoked his permit as contra to the zoning ordinance and ordered the use terminated. The court held that estoppel would not apply, stating:
"Zoning ordinances are enacted for the benefit and welfare of the citizens of a municipality. Issuance of an occupancy or building permit which violates such an ordinance not only is illegal per se, but is injurious to the interests of property owners and residents of the neighborhood adversely affected by the violation. Thus when the city acts to revoke *537 such an illegal permit it is exercising its police power to enforce the zoning ordinance for the protection of all citizens who are being injured by the violation, and not to protect some proprietary interest of the city. These citizens have a right to rely upon city officials not having acted in violation of the ordinance, and, when such officials do so act, their acts should not afford a basis for estopping the city from later enforcing the ordinance. This is true regardless of whether or not the holder of the illegal permit has incurred expenditures in reliance thereon." 31 Wis.2d at 78-79, 142 N.W.2d at 172.
We conclude that even if the estoppel were pleaded and proven in all the necessary elements, or if all elements were unnecessary of proof under exceptions to general rules, it nevertheless would not lie against the county's enforcement of the zoning ordinance in this case.
Affirmed.