Argued and submitted October 9, 2008, affirmed April 15, petition for review
denied July 29, 2009 (346 Or 589)

Marilyn BOWEN,
*Petitioner,*

*v.*

PUBLIC EMPLOYEES RETIREMENT BOARD,
*Respondent.*

Public Employees Retirement Board
130516; A136290

206 P3d 232

Gary J. Susak argued the cause for petitioner. With him on the brief was Susak and Powell, P. C.

Cecil A. Reniche-Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

In this case, we review a final order issued by the Public Employees Retirement Board (PERB) after a contested case proceeding to determine the date when petitioner could retire from her position with the Union County Circuit Court with credit for 30 years of service. Petitioner contended that PERB was bound by contract and statute to count the seven years during which she worked for Union County before the county became a part of the state court system and a Public Employees Retirement System (PERS) participating employer. PERB ruled against her, concluding that those seven years did not count. She seeks judicial review of that decision. She also seeks review of a ruling by the administrative law judge (ALJ) denying her motion to supplement the record with a "Certificate of Appreciation" that she received from the Chief Justice thanking her for 30 years of "dedicated service." We conclude that, even if an official of the Oregon Judicial Department promised petitioner that her pre-PERS service would count toward her retirement, the official had no authority to make that promise because it was contrary to state law; it was therefore ineffective and did not create an entitlement. We also conclude that the ALJ did not err in refusing to accept the certificate. We therefore affirm.

Petitioner began working for the Union County Circuit Court on July 1, 1976. At the time, the county circuit courts had not been subsumed into the state court system, and Union County was not a PERS participating employer. It had a different retirement plan, and petitioner was a member. In 1981, the legislature enacted statutes under which the state was to take over the funding and operation of the judicial branch, including circuit courts, effective January 1, 1983. In a 1982 meeting with Union County Circuit Court employees, including petitioner, the Union County presiding judge stated, regarding the takeover, that "there would be no loss in wages or benefits," that "no one would be hurt," and that "everything would transfer." The state subsequently offered petitioner the opportunity to continue working for the circuit court by transferring from county to state employment. Petitioner accepted by signing a transfer form, dated October 25, 1982, which contained the following provision:

"By completing and signing this form, I am electing to transfer to the State Court System effective January 1, 1983. I understand that all my accumulated, unused vacation leave and sick leave, as of December 31, 1982, as a county employe[e] will be transferred to the State Court System. *Also, my length o[ff] county employment will be considered as State Court System employment upon transfer.* I further understand that I may opt to continue my current retirement plan if different than [PERS]."

(Emphasis added.) Petitioner chose to opt out of her county retirement plan, and she received a cash payout. On January 1, 1983, she became a member of PERS. As of January 2006, she remained an employee of the state court system and a 23-year PERS member.

A person like petitioner who became a member of PERS before 1996 normally qualifies for a retirement allowance at the age of 58. ORS 238.005; ORS 238.300. However, under *former* ORS 238.280(3)(b) (2005), *renumbered as* ORS 238.280(4)(b) (2007), a PERS member who "has a combined total of 30 years or more of creditable service in the system and prior service credit" may retire with full benefits, regardless of age. In January 2006, petitioner was not 58. Nonetheless, believing that her service for Union County between 1976 and 1983 counted as PERS service, she requested from PERS a calculation of her retirement benefits based on 30 years of PERS creditable service—seven for Union County and 23 for the state court—and a retirement date of July 1, 2006. PERS staff determined that her Union County service did not count and informed petitioner that she would not be eligible for retirement based on 30 years of creditable service until January 1, 2013. The Director of PERS affirmed that determination. OAR 459-001-0030.

Petitioner requested a contested case hearing pursuant to OAR 459-001-0035. PERB filed a motion for summary determination, the administrative equivalent of a motion for summary judgment. *Fort Vannoy Irrigation v. Water Resources Comm.*, 214 Or App 88, 90-91 n 1, 162 P3d 1066 (2007), *aff'd*, 345 Or 56, 188 P3d 277 (2008). An ALJ heard the contested case and granted PERB's motion; subsequently, PERB entered a final order affirming and adopting

the decision of the ALJ denying petitioner's application for an early service retirement.

We review that affirmance to determine whether "[t]he pleadings, affidavits, supporting documents (including any interrogatories and admissions) and the record in th[is] contested case show that there is no genuine issue as to any material fact that is relevant to resolution of the legal issue as to which a decision is sought" and whether PERB, the agency filing the motion, "is entitled to a favorable ruling as a matter of law." OAR 137-003-0580(6)(a), (b).

On judicial review, ORS 183.482(1), petitioner argues that PERB is contractually bound by the transfer form to consider her county employment as creditable service in calculating her retirement benefits because the state, acting through a delegee of the Chief Justice pursuant to statutory authority, promised to "consider[ ] as State Court System employment upon transfer" her "length o[f] county employment." In the alternative, she contends that the transfer form's wording is at least ambiguous, precluding summary determination. Petitioner also argues that, because the state provided "incomplete, misleading, and incorrect" information regarding whether her county employment would be considered PERS creditable service, PERB is estopped from denying her an early service retirement on July 1, 2006. The state responds that, even if the transfer form that petitioner signed in 1983 included a contractual promise to count her Union County employment as PERS creditable service, neither the Chief Justice nor his delegee had authority to enter into such an agreement and that petitioner's reliance on the doctrine of equitable estoppel is misplaced. Thus, PERB argues, the interpretation of the agreement is not material and the agency prevails as a matter of law. We agree with the state.

■ In a 1981 special session, the Legislative Assembly enacted provisions to effect the state takeover of the court system. *See* ORS 1.001 (declaring that the judicial branch, including the appellate, tax, and circuit courts, shall be funded and operated at the state level); ORS 1.002 (describing powers of Chief Justice as administrative head of judicial department and providing for delegation of those powers to

State Court Administrator). One of those statutes, ORS 1.008, provides, in part:

> "The Chief Justice of the Supreme Court shall establish and maintain, *consistent with applicable provisions of law*:
>
> "(1) A personnel plan for officers, other than judges, and employees of the courts of this state who are state officers or employees, governing the appointment, promotion, classification, minimum qualifications, *compensation*, expenses, leave, transfer, layoff, removal, discipline and *other incidents of employment* of those officers and employees."

(Emphasis added.) Petitioner contends that, because that provision authorized the Chief Justice to establish a personnel plan governing the "compensation" and "other incidents of employment" of court employees, it thereby authorized him to enter into a contract with petitioner, binding PERB to consider petitioner's seven years of county employment as PERS creditable service for purposes of calculating her retirement eligibility in the event that she opted to join PERS. *See generally Taylor v. Mult. Dep. Sher. Ret. Bd.*, 265 Or 445, 510 P2d 339 (1973) (retirement benefits are part of an employee's compensation package and employment contract).

The authority granted to the Chief Justice and delegees, however, does not encompass authority to supersede other statutes. In *Lent v. ERB*, 63 Or App 400, 405-06, 664 P2d 1110, *rev den*, 295 Or 617 (1983), this court held that ORS 1.008 did not allow the Chief Justice to avoid compliance with the Public Employees Collective Bargaining Act (PECBA) because "[n]othing in ORS 1.002 or 1.008 expressly excepts the Judicial Department from the requirements of PECBA" or "suggests that PECBA is not among the 'applicable provisions of law' to which [the Chief Justice's] authority under those statutes is subject." The same is true here. The Chief Justice's authority over personnel matters under ORS 1.008 is not "broad and unconditional." *Lent*, 63 Or App at 405. Rather, it must be exercised "consistent[ly] with applicable provisions of law," ORS 1.008, including the PERS statutes governing retirement eligibility.

■ Under those statutes, petitioner's Union County service cannot count as PERS creditable service. The Public Employees Retirement Fund is a trust that must be administered in accordance with its governing statutes. ORS 238.660; OAR 459-005-0010(2). The 1981 PERS statutes provided only two methods by which a public employee could receive PERS credit for prior non-PERS service. First, ORS 237.081(4)(c) (1981) provided for a grant of prior service credit to employees whose public employer starts participating in PERS, if the employer and PERB expressly agree that prior service will count as PERS creditable service. Union County, however, did not become a PERS participating employer. Second, ORS 237.051 (1981), provided for a grant of prior service credit where a non-PERS retirement plan was integrated into PERS by means of an integration contract between PERB and a public employer. No such integration of Union County's plan and PERS occurred. It follows that, because the Chief Justice had no authority to bind PERB contrary to those governing statutes, petitioner's transfer agreement, to the extent that it purports to bind PERB to consider petitioner's county employment as PERS creditable service for early retirement purposes, is unenforceable. *See Does 1-7 v. State of Oregon*, 164 Or App 543, 560, 993 P2d 822 (1999), *rev den*, 330 Or 138 (2000) (state agents "may not bind the state to any arrangement that contravenes * * * statutes").

Petitioner also argues that PERS—acting through its agents, the Chief Justice and his representatives, in all matters related to the state takeover of the courts—provided "incomplete, misleading, and incorrect" information regarding whether petitioner would be granted PERS creditable service for her county employment and that she relied on that information in deciding to transfer to state employment; therefore, according to petitioner, PERB is estopped to deny those representations. Petitioner points to the statements by Union County's presiding judge in 1982 and the disputed language, quoted above, in her transfer form as the basis for her estoppel claim. The state responds that PERB is not bound by those statements because the judicial department lacked statutory authority to speak for PERB or to bind PERB to act contrary to statute. We agree.

■ Equitable estoppel is rarely applicable against state agencies and should be applied cautiously. *Employment Div.*

*v. Western Graphics Corp.*, 76 Or App 608, 612, 710 P2d 788 (1985). To establish estoppel against a state agency, a party must show that the party relied on an agency's false representation and that the reliance was reasonable. *Wilkinson v. PERB*, 188 Or App 97, 102, 69 P3d 1266 (2003); *see also Western Graphics Corp.*, 76 Or App at 612-13 ("Equitable estoppel will be applied against an agency only if it is shown that the person asserting it was misled by the agency and justifiably and detrimentally relied on the misleading conduct."). As a matter of law, a party's reliance on a state agency's false representation is not reasonable if the state actor had no authority to make it. *Kucera v. Bradbury*, 337 Or 384, 407, 97 P3d 1191 (2004). Moreover, an agency's false representation may not bind the state agency contrary to statute. *Mannelin v. DMV*, 176 Or App 9, 15, 31 P3d 438 (2001) (citing *Bankus v. City of Brookings*, 252 Or 257, 260, 449 P2d 646 (1969)). Finally, in the absence of statutory authority to do so, statements of one government agency cannot bind another. *Mannelin*, 176 Or App at 13.

■      Petitioner's estoppel argument fails for several reasons. First, even if petitioner was able to identify a specific promise made by an agent of PERB that petitioner's county employment would be counted as PERS creditable service, that "representation[ ] cannot, through estoppel, force [PERB] to act contrary to [its governing] statute[s]," *id.* at 15, which, as described above, describe only two circumstances in which prior non-PERS service may be counted as PERS creditable service, neither of which applies here. Second, petitioner has failed to identify any statutory provision authorizing the Chief Justice or any other judicial department employee to act as an agent of PERB, rendering petitioner's purported reliance on the "promises" identified unreasonable as a matter of law because those parties had no authority to make such promises. *Kucera*, 337 Or at 407. Third, because we conclude that the Chief Justice and his delegees did not act as agents of PERB at any time during the state takeover of the court system, any statements made to petitioner were those of the judicial department, not PERB, and "statements of one government agency cannot bind another." *Mannelin*, 176 Or App at 13.

        In her final assignment of error, petitioner argues that the ALJ erred in denying her motion to supplement the

record under OAR 137-003-0530(1).[1] After PERB issued its order, petitioner moved to supplement the record with a "Certificate of Appreciation" from the Oregon Judicial Department in recognition of her "30 years of dedicated service and commitment to the goals and activities of the Oregon Judicial Department" for the period from July 1, 1976 to June 30, 2006, signed by State Court Administrator Kingsley Click and Oregon Supreme Court Chief Justice Paul J. De Muniz. The ALJ denied petitioner's motion, ruling, "The certificate * * * unduly repeats other evidence in this record that has already been considered." On judicial review, petitioner argues that that certificate constitutes "an admission of the State of Oregon that Petitioner had provided 30 years of service to the State of Oregon and the Judicial Department during the period from July 1, 1976, to June 30, 2006."

We conclude that the ALJ did not err. It is undisputed that the Oregon Judicial Department considered petitioner's seven years of county employment as state employment. That fact has no bearing on the disputed issue in this case—that is, whether PERB was bound, in calculating petitioner's eligibility for an early service retirement, to count as PERS creditable service petitioner's seven years of county employment. The certificate was therefore both cumulative of other evidence in the record and immaterial to any issue in dispute. Accordingly, we reject petitioner's second assignment of error without further discussion.

Affirmed.

---

[1] OAR 137-003-0530(1) provides:

"Unless otherwise provided by law, when a party or agency fails to file any document for the contested case proceeding, except a hearing request, within the time specified by agency rules or these rules of procedure, the late filing may be accepted if the agency or administrative law judge determines that there was good cause for failure to file the document within the required time."