George A. RIEMER,
*Petitioner,*

*v.*

OREGON PUBLIC EMPLOYEES RETIREMENT BOARD
and Oregon State Bar,
*Respondents.*

Public Employees Retirement Board
111361; A152820

310 P3d 1181

George A. Riemer filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin C. Lagesen, Assistant Attorney General, filed the brief for respondent Public Employees Retirement Board.

No appearance for respondent Oregon State Bar.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

**HADLOCK, J.**

Petitioner seeks judicial review of an order of the Oregon Public Employees Retirement Board that recalculated petitioner's retirement benefit to correct prior errors and ordered petitioner to reimburse the Public Employees Retirement System (PERS) for overpaid benefits. Petitioner, who retired from the Oregon State Bar in 2006, contends that the board erred in determining when his PERS membership began and in concluding that he was ineligible to purchase "waiting time" retirement credit for time that he worked for the Bar but was not yet a PERS member. We affirm.

The facts material to our decision are undisputed. Petitioner began working for the Bar in January 1981. A Bar employee is not considered to be an "employee" for purposes of the PERS statutes. ORS 9.080(4). However, a Bar employee may, "at the option of the employee, for the purpose of becoming a member of [PERS], be considered an 'employee' as the term is defined in the public employees' retirement laws." *Id*. Petitioner exercised that option in July 1982 through written notice to the board.

In March 2006, petitioner submitted a retirement application to PERS, listing April 1, 2006, as his effective retirement date. On April 25, 2006, petitioner purchased six months of waiting-time credit from PERS for $3,247.45.

In June 2006, PERS sent petitioner a letter stating that he had not received "service time credit" or contributions to his retirement account for time he had worked for the Bar before July 1982. Accordingly, PERS adjusted petitioner's account to reflect contributions from August 1981 through June 1982. The adjustment increased petitioner's monthly retirement benefit by several hundred dollars. In February 2007, PERS sent the Bar an invoice for $27,727.02 for the purportedly missed contributions and interest. The Bar appealed that adjustment, asserting that petitioner had not been a member of PERS before exercising that option in July 1982 and, consequently, the Bar had not been required to make contributions before that time. Petitioner responded that, although he was not considered an employee for purposes of the PERS statutes until he exercised the option in

July 1982, under ORS 238.015(1), his PERS membership had begun the first full pay period six months after he began working at the Bar—that is, in August 1981.

PERS concluded that petitioner's membership had begun in August 1982, the first full month after he had elected to be considered an employee under ORS 9.080(4), and, accordingly, that the Bar was not liable for contributions before that time. PERS notified the Bar in June 2008 that it had decided the Bar's appeal, and it cancelled the invoice. For unknown reasons, PERS failed to notify petitioner of its decision at that time. It also failed to correct petitioner's account, and, consequently, it continued to calculate and pay his monthly benefit based on the account balance that included the now-cancelled contributions from 1981 and 1982.

PERS finally notified petitioner of the error in June 2011. It also informed petitioner that he had not been eligible to purchase waiting-time credit even though he had been employed by the Bar for more than six months before his PERS membership began. PERS explained:

"Under ORS 238.125, the purchase of retirement credit for waiting time is premised upon payment of the employee and employer contributions that would have been required if the employee had been a member during that period. You were not an 'employee' for PERS' purposes during your waiting time, so no employee or employer contributions could have been required and, therefore, there is no basis upon which to acquire retirement credit for that period."

PERS informed petitioner that, as a result of the adjustments to his account, his monthly benefit payment would be reduced by $477.21. It also informed him that he was required to repay the overpaid benefits, which PERS ultimately calculated to total $29,314.03.

Petitioner requested a hearing on the starting date of his PERS membership and his eligibility to purchase waiting-time credit. After a hearing before an administrative law judge (ALJ), both petitioner and PERS moved for summary determination, the administrative equivalent of moving for summary judgment. *See Fort Vannoy Irrigation v. Water Resources Comm.*, 214 Or App 88, 90 n 1, 162 P3d 1066 (2007), *aff'd*, 345 Or 56, 188 P3d 277 (2008). The board

concluded that petitioner's membership in PERS had not begun until August 1982 and that petitioner was not eligible to purchase waiting-time credit. It entered a final order granting PERS's motion and denying petitioner's.

Petitioner seeks judicial review of the board's order, assigning error both to the board's conclusion regarding the starting date of his PERS membership and to the board's determination about his eligibility to purchase waiting-time credit. We address those two assignments of error later in this opinion. In a separate assignment of error, petitioner contends that the board violated his due process rights by failing to follow its own administrative rules and "by PERS engaging in obfuscation, gross incompetence, and unconscionable delay in determining his retirement benefit." We reject that argument without discussion. In addition, petitioner asserts that the Bar began making contributions to his retirement account on his behalf in July 1982 and that, even if the board correctly determined that his PERS membership began in August 1982, the board failed to refund to him those July contributions. Petitioner did not properly raise that issue before the board, so it is not before us, and we do not consider it.

We begin with petitioner's argument concerning the starting date of his PERS membership. Both parties cite ORS 9.080(4) and ORS 238.015(1) in support of their positions, and our determination of the issue turns on the proper interpretation of those statutes. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (setting out the method for interpreting Oregon statutes). We consider the version of those statutes that was in effect in 1982, when petitioner elected to become a PERS member. ORS 9.080(4), which has not been materially amended since that time, provides, in pertinent part:

> "Except as provided in this subsection, an employee of the state bar shall not be considered an 'employee' as the term is defined in the public employees' retirement laws. However, an employee of the state bar may, at the option of the employee, for the purpose of becoming a member of the Public Employees Retirement System, be considered an 'employee' as the term is defined in the public employees' retirement laws. The option, once exercised by written

notification directed to the Public Employees Retirement Board, may not be revoked subsequently, except as may otherwise be provided by law. Upon receipt of such notification by the Public Employees Retirement Board, an employee of the state bar who would otherwise, but for the exemption provided in this subsection, be considered an 'employee,' as the term is defined in the public employees' retirement laws, shall be so considered."

ORS 238.015 was formerly numbered ORS 237.011. In 1982, that statute provided, in part:

"No person may become a member of the system unless he is in the service of a public employer and has completed six months' service uninterrupted by a total of more than 30 working days during the six months' period. Every employe of a participating employer shall become a member of the system at the beginning of his first full pay period following the six months' period. All public employers participating in the Public Employes' Retirement System established by chapter 401, Oregon Laws 1945, as amended, at the time of repeal of that chapter, and all school districts of the state, shall participate in, and their employes shall be members of, the system, [with exceptions not pertinent here.]"

*Former* ORS 237.011 (1981), *renumbered as* ORS 238.015 (1995). Petitioner takes the position that ORS 9.080(4) establishes *how* a Bar employee becomes a PERS member and ORS 238.015 establishes *when* a public employee becomes a member. Petitioner notes that ORS 9.080(4) provides that, upon the board's receipt of a Bar employee's notification, the employee is considered an *employee*, not a member of PERS. He further observes that ORS 238.015(1) provides that a person becomes a PERS member after completing six months in the service of a public employer, not six months after becoming an "employee." In petitioner's view, once he notified the board that he had elected to be treated as an "employee" for purposes of becoming a PERS member, his membership was effective as of the earlier date on which he had completed six months of service with the Bar. In essence, petitioner contends that, when he exercised his option to be treated as an "employee," his PERS membership was retroactive.

The board responds that ORS 238.015(1) establishes the prerequisites for PERS membership and the date on

which membership begins for eligible persons. With respect to eligibility, the board asserts, the statute provides that a person must be an "employee" within the meaning of the PERS statutes and must have completed six months of service to the employer. Once the person meets those eligibility requirements, the board contends, the employee becomes a PERS member. According to the board, petitioner met the six-month service requirement in 1981 but did not meet the requirement that he be an "employee" until the month after he made the election to be so considered in July 1982.

We agree with the board. Petitioner's view of the statutes requires that a person in his position be considered to have been a PERS member before having been considered an employee. That view is precluded by the provision, "Every *employee* of a participating employer *shall become a member* of the system at the beginning of his first full pay period following the six months' period." ORS 238.015(1) (emphasis added). Under that provision, a person must be an employee before becoming a member. The statute simply will not bear petitioner's contention that, once a person is considered to be an employee, membership is effective as of the first full pay period after the six-month waiting time, regardless of when that period ended relative to the person obtaining "employee" status. There is no suggestion in either ORS 9.080(4) or ORS 238.015(1)—or any other statute of which we are aware—that the legislature intended for a Bar employee's membership to be effective retroactively. To the contrary, such an interpretation would conflict with the forward-looking connotation of what it means to "become" a member.

In sum, we conclude that the board correctly determined that petitioner's PERS membership began in August 1982, the month after he elected to be considered an "employee" for purposes of becoming a PERS member. We reject petitioner's contrary argument.

We turn to petitioner's contention that he was entitled to purchase "waiting time" credit for the six months preceding his membership in PERS. ORS 238.125 provides:

"A member of the system who has a combined total of 10 years or more of creditable service in the system and

prior service credit at the time of retirement, and who was required to complete one or more periods of six months or less in the service of an employer participating in the system before becoming a member of the system, shall receive retirement credit for those periods of six months or less if the member * * * pays to the board in a lump sum an amount determined by the board to be equal to:

"(1) The total amount of employee contributions to the fund by or on behalf of the employee that would have been required for the six months' period if the employee had been a member of the system during that period, which amount shall be credited to the regular account of the member; and

"(2) The total amount of employer contributions to the fund the employer of the employee would have been required to make in respect to the employee if the employee had been a member of the system during the six months' period, which amount shall be credited to the reserve for pension accounts in the fund."

Petitioner contends that he completed six months of service before becoming a PERS member, whether he became a member in August 1981 or August 1982. The board responds that the statute contemplates that a PERS member can purchase waiting-time credit only for periods in which the member qualified as an "employee" under the PERS statutes. The board observes that ORS 238.125 "formulates the purchase price of waiting time based on what contributions the 'employee' and the 'employer of the employee' would have been required to make if the 'employee' had been a member of PERS during the six-month service period."

We agree with the board, for two reasons. First, ORS 9.080(4) provides that a Bar employee "shall not be considered an 'employee'" for purposes of the PERS statutes unless the Bar employee exercises the option to be so considered. As the board notes, ORS 238.125 contemplates that waiting-time credit may be purchased only for time that a person was an "employee" within the meaning of the PERS statutes. Petitioner is not eligible to purchase waiting-time credit for the period before he elected to be considered an "employee" for PERS purposes.

Second, once petitioner did elect to be considered an "employee," he was not required to "complete one or more

periods of six months or less in the service of an employer participating in the system before becoming a member of the system," one of the prerequisites to purchasing waiting-time credit. After petitioner notified the board that he wished to be considered an "employee" for PERS purposes, he became a PERS member the next month. In short, there was no waiting period for which petitioner could buy retirement credit. It follows that the board did not err in concluding that petitioner was not eligible to purchase waiting-time credit.

Affirmed.